UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JAMIL LANG,

      Petitioner,

v.                                      CASE NO. 6:05-cv-836-Orl-19JGG
                                            (6:04-cr-037-Orl-19JGG)

UNITED STATES OF AMERICA,

      Respondent.

_____

## ORDER

This case involves an amended motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 filed by Jamil Lang (Doc. No. 10). The Government filed a timely response (Doc. No. 15) to the amended § 2255 motion in compliance with this Court's instructions and with *The Rules Governing Section 2255 Cases in the United States District Courts*. Petitioner filed a reply (Doc. No. 19) to the Government's response.

Petitioner alleges three claims for relief in his motion: first, that he received ineffective assistance of counsel; second, that his guilty plea was not made knowingly or voluntarily; and, third, that this Court can correct his sentence pursuant to United States Sentencing Guideline Amendment 667.

*Procedural History*

Petitioner and a co-defendant were charged by indictment with conspiracy to possess with intent to distribute five kilograms or more of cocaine hydrochloride (count one); possession with intent to distribute less than fifty kilograms of marihuana (count

two); and possession and utterance of counterfeit Federal Reserve notes with the intent to defraud (count three) (Criminal Case No. 6:04-cr-037-Orl-19JGG, Doc. No. 21, filed March 10, 2004).[1]  On May 3, 2004, pursuant to a written plea agreement (Criminal Case Doc. No. 34), Petitioner entered a plea of guilty to count one before United States Magistrate Judge James G. Glazebrook.  *See* Criminal Case Doc. No. 44.  Magistrate Judge Glazebrook entered a Report and Recommendation that the guilty plea be accepted and that Petitioner be adjudged guilty of count one and have sentence imposed accordingly (Criminal Case Doc. No. 48).  The district court accepted the plea and adjudicated Petitioner guilty of count one of the indictment (Criminal Case Doc. No. 52).  A sentencing hearing was conducted, and the district court entered a Judgment in a Criminal Case sentencing Petitioner to a 154-month term of imprisonment (Criminal Case Doc. No. 85).[2]

Petitioner filed a direct appeal (Criminal Case Doc. No. 88), and the Government filed a cross-appeal (Criminal Case Doc. No. 99).  The Government's cross-appeal was subsequently dismissed at its request.  *See* Criminal Case Doc. No. 111.  Petitioner's appeal was then dismissed with prejudice at his request.  *See* Criminal Case Doc. No. 114.

*Claim One*

Petitioner contends that his defense counsel "offered faulty advice and coerced Petitioner to accept the plea agreement through the use of threats."  (Doc. No. 10 at 5.)

---

[1]Criminal Case No.6:04-cr-037-Orl-19JGG will be referred to as "Criminal Case."

[2]Pursuant to the plea agreement, counts two and three were dismissed on the motion of the Government (Criminal Case Doc. No. 85).

According to Petitioner, his counsel incorrectly advised him to enter a guilty plea to the conspiracy charge.

In *Hill v. Lockhart*, 474 U.S. 52 (1985), the United States Supreme Court held that "the two-part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel." *Id*. at 58. The United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance. The first prong of the *Strickland* test requires that the defendant demonstrate that counsel's performance was deficient and "fell below an objective standard of reasonableness." *Id*. at 688. The second prong of the *Strickland* test requires the defendant to show that the deficient performance prejudiced the defense.[3] *Id*. at 687. A court must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonably professional assistance. *Id*. at 689-90.

Petitioner and Tristen Smith were charged with conspiracy to possess with intent to distribute five kilograms or more of cocaine hydrochloride. As set forth in the plea agreement and admitted by Petitioner during his plea colloquy, Petitioner, through a confidential informer, negotiated to purchase fifty kilograms of cocaine from a Haitian. Petitioner was going to use counterfeit funds to purchase the drugs and then sell the drugs

---

[3]In order to satisfy the prejudice requirement of the two-prong test set forth in *Strickland*, Defendant must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59 (footnote omitted).

to another individual.  On the day the transaction was to take place, Petitioner told the confidential informer that "he and his partner were almost finished printing the money" and agreed to meet at Petitioner's residence.  When the confidential informer arrived at the residence, Petitioner was not home, but Mr. Smith was present packaging what appeared to be marihuana.  Mr. Smith called Petitioner and informed him that the confidential informer had arrived.  Petitioner arrived shortly thereafter.  At Petitioner's direction, the confidential informer and Mr. Smith traveled together to meet the Haitian to purchase the cocaine.  Petitioner and another individual followed in a different vehicle, conducting counter-surveillance.  Upon arrival at the designated location, Petitioner and Mr. Smith were arrested.  (Criminal Case Doc. No. 34 at 14-18.)

The day Petitioner entered his guilty plea, he also testified at Mr. Smith's trial.  Mr. Smith was found guilty of the possession of marihuana charge (count two of the indictment), but was acquitted of the conspiracy charge.  Petitioner now argues that counsel was deficient for advising him to enter a guilty plea to the conspiracy charge.  Petitioner appears to contend that since Mr. Smith was acquitted of the conspiracy charge, Petitioner could not have conspired with Mr. Smith, and the only other potential conspirators were government agents who legally cannot be conspirators.

Petitioner's argument is flawed for several reasons.  First, Mr. Smith was not acquitted until after Petitioner entered his guilty plea.  Therefore, even assuming that Petitioner's logic regarding conspiracy was accurate, counsel could not have foreseen the result of Mr. Smith's trial.  Second, the fact that Mr. Smith was acquitted does not

4

necessarily lead to the conclusion that no conspiracy existed.  It merely means that Mr.

Smith's jury did not believe that the Government had met its burden of proof during the

trial.  Finally, Petitioner specifically admitted to the elements of the conspiracy charge in

both his plea agreement and during the plea colloquy.  Petitioner has not demonstrated

that counsel's performance regarding this matter was unreasonable.

As to Petitioner's argument that counsel "coerced" him to accept the guilty plea, the

Court finds that the record belies such contention.  Petitioner stated under oath at the plea

colloquy that no one had done anything that he considered wrong or unfair to get him to

plead guilty and that there had not been any threats or coercion or improper pressure of

any kind placed on him to plea guilty.  (Criminal Case Doc. No. 132 at 28.)  In addition,

Petitioner stated that he was satisfied with his attorney's service.  *Id*. at 27.  These

representations constitute "a formidable barrier in any subsequent collateral proceedings.

Solemn declarations in open court carry a strong presumption of verity."  *Blackledge v.*

*Allison*, 431 U.S. 63, 73-74 (1977).  Petitioner's barebones allegations to the contrary in the

instant § 2255 motion are insufficient to overcome this presumption of verity.

Petitioner's contention that defense counsel failed to object to an error of law

affecting the calculation of his sentence is equally meritless.  The record reflects that

counsel did initially pose an objection, but after a position of the parties meeting made a

strategic decision to withdraw this objection.  *See* Doc. No. 15, Exhibits A and B.  As counsel

explained to Petitioner, he was concerned that pursuing the objection would cause

Petitioner to lose the three level reduction in his offense level.  Counsel felt a more prudent

5

approach would be to pursue a motion for reduction of sentence based on substantial assistance.

Certainly, counsel's strategy was not unreasonable under the circumstances.  As noted by the Eleventh Circuit Court of Appeals in *Spaziano v. Singletary*, 36 F.3d 1028, 1039 (11th Cir. 1994), *cert. denied*, 513 U.S. 1115 (1995):

> The Supreme Court has mandated a highly deferential review of counsel's conduct, especially where strategy is involved.  Intensive scrutiny and second-guessing of attorney performance are not permitted.  Because it is a wide range of performance that is constitutionally acceptable, the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between.  Cases in which deliberate strategic decisions have been found to constitute ineffective assistance are even fewer and farther between.  *This case is not one of them*.

(Citations omitted) (quotations omitted) (emphasis added).  Given the circumstances of the case, counsel's strategy was neither unreasonable nor deficient.  *Adams v. Wainwright*, 709 F.2d 1443, 1445 (11th Cir. 1983), *cert. denied*, 464 U.S. 1063 (1984) (a tactical decision amounts to ineffective assistance of counsel "only if it was so patently unreasonable that no competent attorney would have chosen it").

*Claim Two*

Petitioner also contends that his guilty plea was neither knowingly nor voluntarily entered due to counsel's faulty advice.  In particular, Petitioner finds fault with counsel for letting Petitioner plead guilty before the magistrate judge; for allowing "Petitioner to accept a plea agreement to drug amounts far more foreseeable than the evidence of this cause reflects"; and for giving erroneous advice concerning Petitioner's potential sentence.

It is clear from the record that Petitioner was well-advised and well-represented during the course of his criminal proceedings.  The magistrate judge conducted a thorough plea colloquy,[4] and defense counsel aptly represented Petitioner during the plea and sentencing phases.   During the plea hearing, Petitioner stated under oath that he had reviewed the indictment with his attorney, that he was satisfied with his attorney's services, that he wanted to plead guilty because he was guilty, and that he had not been threatened, pressured, or coerced into entering the plea.  (Criminal Case Doc. No. 132 at 27-28.)  Petitioner also stated that he understood the nature of the charges against him, the maximum penalties for each charge, and the rights he would waive by entering a plea.  *Id*. at 26-27, 38, 44-47.

Petitioner understood the charges against him and understood the direct consequences of his plea.  These circumstances do not warrant a finding that Petitioner's plea was involuntary or that his due process rights were violated.  *See Stano v. Dugger*, 921 F.2d 1125, 1141 (11th Cir.) ("A reviewing federal court may set aside a state court guilty plea only for failure to satisfy due process: If a defendant understands the charges against him, understands the consequences of a guilty plea, and voluntarily chooses to plead guilty, without being coerced to do so, the guilty plea . . . will be upheld on federal review.") (internal quotation and citation omitted), *cert. denied*, 502 U.S. 835 (1991).

---

[4]The Court notes that Petitioner specifically consented to the magistrate judge conducting his plea colloquy.  *See* Criminal Case Doc. No. 45.

*Claim Three*

Petitioner's third claim is articulated as follows: "Whether [the] district court can correct [his] sentence pursuant to 'clarifying amendment' 667 (Appl. Note 12 USSG § 2D1.1)." (Doc. No. 10 at 8.) Petitioner's base offense level was calculated at 36 because the offense involved at least 50 kilograms, but less than 150 kilograms, of cocaine hydrochloride. According to Petitioner, he was not capable of purchasing 50 kilograms, so the amount utilized to calculate his base offense level should have been less than 50 kilograms.

"[A] defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding. This rule generally applies to all claims, including constitutional claims." *Lynn v. United States*, 365 F.3d 1225, 1234 (11th Cir.) (citations omitted), *cert. denied*, 543 U.S. 891 (2004); *Mills v. United States*, 36 F.3d 1052, 1055 (11th Cir. 1994), *cert. denied*, 514 U.S. 1112 (1995). However, a defendant can avoid the procedural bar by demonstrating the applicability of one of the two exceptions: (a) cause and prejudice for the failure to raise the claim on direct or (b) "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Mills*, 36 F.3d at 1055.

In the present case, Petitioner did not raise claim three on direct appeal. Furthermore, he has not demonstrated cause or prejudice with regard to his failure to raise this claim on direct appeal. Likewise, Petitioner has not shown the applicability of the fundamental miscarriage of justice exception. A review of the record reveals that Petitioner

8

is unable to satisfy either of the exceptions to the procedural default bar; therefore, his failure to raise this claim on direct appeal constitutes a waiver and bars him from raising claim three now.

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1.     The amended motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 filed by Jamil Lang (Doc. No. 10) is **DENIED**.

2.     This case is **DISMISSED** with prejudice.

3.     The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

4.     The Clerk of the Court is directed to terminate the amended § 2255 motion (Criminal Case Doc. No. 133) filed in criminal case number 6:04-cr-037-Orl-19JGG and to file a certified copy of this Order and the Judgment in that criminal case.

**DONE AND ORDERED** at Orlando, Florida, this __13th___ day of October, 2006.

PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies to:
sa 10/13

9

Jamil Lang
Counsel of Record